UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>PAUL E. HODSON II, )<br>Defendant. ) | Criminal No. 19-10209-PBS |

### PRELIMINARY ORDER OF FORFEITURE

**SARIS, D.J.**

WHEREAS, on June 20, 2019, a federal grand jury sitting in the District of Massachusetts returned a two-count Indictment, charging Paul E. Hodson II (the "Defendant") with Distribution of Child Pornography, in violation of 18 U.S.C. §§ 2252A(a)(2)(A) and (b)(1) (Count One), and Possession of Child Pornography, in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2) (Count Two);

WHEREAS, the Indictment also included a Child Pornography Forfeiture Allegation, pursuant to 18 U.S.C. § 2253, which provided notice that the United States intended to seek the forfeiture, upon acceptance of the plea of the Defendant, of one or more of the offenses alleged in Counts One and Two of the Indictment, of (i) any visual depiction described in section 2251, 2251A, 2252, 2252A, 2252B, or 2260 of Chapter 110 of Title 18, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of Chapter 110 of Title 18; (ii) any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offenses; and (iii) any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property, and the property to be forfeited included, but was not limited to, one Alienware by Dell

laptop, service tag No. 91JT4K1 (the "Property");

WHEREAS, on December 18, 2019, at a hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the Defendant plead guilty to Counts One and Two of the Indictment;

WHEREAS, at the hearing, the United States stated the potential maximum penalties including forfeiture as charged in the Indictment, gave a restitution of the facts, and thus provided notice that the United States intended to seek forfeiture of the Property on the grounds the Property constituted or was derived from proceeds obtained, directly or indirectly, as a result of the offenses, and/or was used or intended to be used to commit and to facilitate the offenses the Defendant plead guilty to as charged in Counts One and Two;

WHEREAS, the Defendant did not object, and therefore consented to the forfeiture of the Property;

WHEREAS, in light of the Defendant's guilty plea, the United States has established the requisite nexus between the Property and the offenses to which the Defendant plead guilty, and accordingly, the Property is subject to forfeiture to the United States pursuant to 18 U.S.C. § 2253; and

WHEREAS, pursuant to 18 U.S.C. § 2253 and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the United States is now entitled to a Preliminary Order of Forfeiture against the Property.

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, AND DECREED that:

The Court finds, pursuant to Rule 32.2(b)(1) of the Federal Rules of Criminal Procedure, that the United States has established the requisite nexus between the Property and the offenses to which the Defendant plead guilty.

1.  The Court shall retain jurisdiction in this case for the purpose of enforcing this Order.

2.  Accordingly, all of Defendant's interests in the Property are hereby forfeited to the United States of America for disposition pursuant to 18 U.S.C. § 2253.

3.  Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States is hereby authorized to seize the Property and maintain it in its secure custody and control.

4.  Pursuant to 21 U.S.C. § 853(n)(1), the United States shall publish, for thirty (30) consecutive calendar days on the government forfeiture website www.forfeiture.gov, notice of the Preliminary Order of Forfeiture and notice of the United States' intent to dispose of the Property.

5.  Pursuant to 21 U.S.C. § 853(n)(1), the United States shall give, to the extent practicable, direct written notice to any person known to have alleged an interest in the Property to be forfeited.

6.  Pursuant to 21 U.S.C. § 853(n)(2) and (3), the notice referred to above shall state: (a) that any person, other than the Defendant, asserting a legal interest in the Property, shall, within sixty (60) days after the first day of publication on the government forfeiture website or within thirty (30) days after receipt of actual notice, whichever is earlier, file a petition with the United States District Court in Boston, Massachusetts, requesting a hearing to adjudicate the validity of his or her interest in the Property; and (b) that the petition shall be signed by the petitioner under the penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Property, any additional facts supporting the petitioner's

claim, and the relief sought.

7.      Pursuant to 21 U.S.C. § 853(n)(7), following the Court's disposition of all petitions filed under 21 U.S.C. § 853(n)(6), or if no such petitions are filed following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of such petitions, the United States of America shall have clear title to the Property.

8.      Upon adjudication of all third party interests, this Court will enter a Final Order of Forfeiture, pursuant to 18 U.S.C. § 2253 and Rule 32.2(c) of the Federal Rules of Criminal Procedure, in which all interests will be addressed.

9.      Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture will become final as to the Defendant at the time of his sentencing, will be part of the Defendant's criminal sentence, and will be included in the criminal judgment entered by this Court against him.

_____
PATTI B. SARIS
United States District Judge

Dated: 2/25/20